FILED

03/23/2022

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2022

## MALIK YELDER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 112343   G. Scott Green, Judge**

_____

**No. E2021-00633-CCA-R3-PC**

_____

Malik Yelder, Petitioner, pled guilty to failure to appear, carjacking, and two counts of aggravated robbery. As a result, he received an effective nine-year sentence. Petitioner subsequently filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence in which he argued that trial counsel was ineffective. The post-conviction court treated the pleading as a petition for post-conviction relief, appointed counsel, and held a hearing. The post-conviction court denied relief and dismissed the petition. Petitioner appealed. After a review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JOHN W. CAMPBELL, SR., JJ., joined.

J. Liddell Kirk, Maryville, Tennessee, for the appellant, Malik Yelder.

Herbert H. Slatery III, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Larry Dillon, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2016, Petitioner pled guilty to evading arrest and reckless endangerment. He was released pending sentencing. After the guilty plea to evading arrest and reckless endangerment, Petitioner was charged with two counts of aggravated robbery and one count of carjacking, in case number 109808. These offenses occurred before the events that gave rise to the guilty plea to evading arrest and reckless endangerment.

Petitioner failed to appear in court for his sentencing hearing on the evading arrest and reckless endangerment guilty plea in August of 2016. As a result, he was charged with felony failure to appear.

On May 26, 2017, Petitioner pled guilty to one count of felony failure to appear, two counts of aggravated robbery, and one count of carjacking. As a result of the guilty plea, Petitioner received a sentence of one year at 30% for the failure to appear conviction. For each conviction for aggravated robbery and carjacking, Petitioner received a sentence of eight years at 85%. The eight-year sentences were ordered to be served concurrently to each other but consecutively to the one-year sentence, for a total effective sentence of nine years.

At the guilty plea hearing, the State explained that on August 20, 2016, Petitioner failed to appear for sentencing on the evading arrest and reckless endangerment charges. As to the aggravated robbery charges, the State explained that on May 14, 2016, two victims pulled into a driveway in a vehicle. Two black males approached the victims and asked them to use their cell phone. When one of the victims complied, Petitioner pulled out a Mac-10 firearm and pointed it at the victims. Petitioner then demanded money and claimed that he would "blow" the victim's face off. Petitioner then pointed the gun at the other victim and put it against the right side of the victim's head, threatening to kill the victim. Both of the victims emptied their pockets onto the ground. The suspects took the car keys, got into the car, and fled the scene. The car belonged to the mother of one of the victims. The next day, one of the victims saw the car and called the police. The victim later identified Petitioner in a lineup. The car was recovered from Petitioner's driveway and a palm print belonging to Petitioner was located on the car.

Before the acceptance of the guilty plea, Petitioner expressed his agreement with the sentence and indicated that he decided to enter the guilty plea. Petitioner explained that he was 19 years old and had a ninth-grade education but that he could read and understand everything on the plea form. Petitioner denied being on medication and admitted that it was not the first time he had pled guilty. Petitioner also denied being promised anything in exchange for his plea and agreed that the guilty plea was his choice. Petitioner told the trial court that he understood his rights, had reviewed the guilty plea with his trial counsel, and was satisfied with trial counsel's representation.

In February of 2018, Petitioner filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he argued that his sentence was illegal and that his trial counsel was ineffective. The post-conviction court construed the motion as a petition for post-conviction relief and appointed counsel to represent Petitioner. The amended petition

claimed that the guilty plea was involuntary and unknowing and that trial counsel was ineffective.

The post-conviction court held a hearing on the petition. At the hearing, Petitioner testified that he was represented by trial counsel at his guilty plea in May of 2017 and also at a prior guilty plea in 2016. Petitioner explained that in the 2016 case, he received a sentence of two years at 30%. He was released pending sentencing but failed to appear for sentencing. Petitioner was eventually arrested in September of 2016 for the failure to appear, aggravated robberies and carjacking.

Trial counsel was appointed and, according to Petitioner, only met with him "two or three times out of the 17 months." They only discussed "the fingerprints" on the roof of the car and trial counsel told him it was "not enough to find [him] guilty." Petitioner did not remember trial counsel informing him that the car was found at his residence or that the victim identified Petitioner in a lineup.

Petitioner testified that trial counsel informed Petitioner of a plea offer from the State. Trial counsel explained that if Petitioner did not take this offer, he would get "40 [years] to life." Petitioner understood that he would get "two years at 30 percent, . . . nine at 85 percent, and . . . 17 months that [he] was incarcerated for in Knox County" and that all of the sentences would run concurrently. Petitioner testified that trial counsel told him he would "be out by 2020." According to Petitioner, trial counsel did not encourage him to take the offer before walking into the courtroom. Petitioner claimed that he ultimately pled guilty because he was "scared." Once he got to prison, he realized that his sentence was not going to permit him to be released in 2020.

Petitioner acknowledged that he signed the plea agreement but that trial counsel read it to him because he had the reading ability of a first grader. Petitioner claimed that he did not remember the plea colloquy and that he did not understand the plea agreement before he signed it. Instead, Petitioner claimed that he was in a holding cell for five or six hours before the plea hearing and that he had taken his "mental health and seizure medication" and was dizzy. Petitioner recalled pleading guilty but did not recall anything else about the plea hearing.

Petitioner explained that he dropped out of high school the first semester of his freshman year. After he pled guilty and was incarcerated, he got a GED.

Trial counsel testified that she represented Petitioner in the guilty plea that gave rise to the petition for post-conviction relief as well as another case in which he pled guilty to reckless endangerment and evading arrest. Trial counsel recalled meeting with Petitioner and giving him his "options" but denied giving him her opinion. Trial counsel explained

the plea agreement to Petitioner as well as his mother. She also explained to Petitioner what release eligibility meant. Trial counsel "absolutely" did not advise Petitioner how much time he would have to serve if he pled guilty.

Trial counsel recalled that Petitioner was "not reluctant" to take the plea. She recalled that Petitioner thought it was a "good idea" after discussing all the options and taking into account the strength of the State's case.

The post-conviction court took the matter under advisement. In a written order, the post-conviction court denied relief and dismissed the petition. Specifically, the post-conviction court found that Petitioner's testimony was "simply not credible" because it was directly contradicted by the testimony of trial counsel and by the transcript of the guilty plea hearing. On the contrary, the post-conviction court found the testimony of trial counsel credible in that trial counsel met with Petitioner multiple times, explained the evidence against Petitioner, explained the release eligibility date, and explained that he might have to serve his entire sentence. Finally, the post-conviction court found credible trial counsel's testimony that Petitioner was amenable to the State's offer and wished to plead guilty. The post-conviction court determined that Petitioner voluntarily and knowingly waived his right to trial and received the effective assistance of counsel before his guilty plea.

Petitioner appealed.

*Analysis*

On appeal, Petitioner argues that the post-conviction court improperly denied relief. Specifically, Petitioner argues that he "relied upon assurances from his [t]rial [c]ounsel" that he would be released from custody by 2020, discovered after incarceration that this was not true, and thus his guilty pleas were unknowingly and involuntarily entered. The State contends that the post-conviction court properly determined that Petitioner entered the guilty pleas knowingly, intelligently, and voluntarily.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. To prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202

S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Knowing and Voluntary Guilty Plea*

A guilty plea "must be entered knowingly, voluntarily, and intelligently." *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (citing *State v. Mackey*, 553 S.W.2d 337, 340 (Tenn. 1977). Relevant factors are whether the petitioner was represented by competent counsel, the opportunity to confer with counsel about the options available to him, the extent of advice from counsel concerning the charges against him and the penalty imposed, and the reasons the petitioner pled guilty. *Blankenship v. State*, 858 S.W.2d 897, 904-905 (Tenn. 1993).

Petitioner avers that he did not understand his sentence and relied on promises from trial counsel about his release eligibility date that led him to plead guilty. However, the record clearly shows that Petitioner received information about his guilty plea from both trial counsel and the trial court. The trial court spent time at the plea hearing explaining the sentence and making sure Petitioner was satisfied with representation by trial counsel. Petitioner also acknowledged that he read and understood the plea agreement. The record indicates that Petitioner pled guilty and signed the plea petition which also stated that Petitioner's actions were voluntary.

The post-conviction court determined that Petitioner did not prove his allegations by clear and convincing evidence. The post-conviction court determined that Petitioner entered his pleas knowingly, intelligently, and voluntarily, specifically determining that Petitioner was "not credible." The post-conviction court noted that the decision to plead guilty was Petitioner's decision, accrediting the testimony of trial counsel.

The evidence does not preponderate against the judgment of the post-conviction court. Petitioner has wholly failed to provide clear and convincing evidence that his plea was the result of some type of unknowing and involuntary process. The record supports the post-conviction court's decision to dismiss the petition and deny relief on this basis. Therefore, Petitioner is not entitled to relief.

*Ineffective Assistance of Counsel*

As part of his argument about the nature of the plea, Petitioner complains trial counsel's representation amounted to ineffective assistance of counsel. Specifically, he argues that the post-conviction court erred when it failed to determine that trial counsel led him to believe that he would be released from custody in 2020. We disagree.

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two-prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). "[I]n order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Specifically, with regard to ineffective assistance of counsel, the post-conviction court determined that Petitioner was informed about the effective sentence he would receive as a result of his guilty plea and, in particular, the release eligibility date. The post-conviction court also determined that trial counsel reviewed the plea documents with Petitioner to ensure Petitioner understood them before the entry of the pleas. Petitioner failed to carry his burden to establish ineffective assistance of counsel and thus our review comes to a halt.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE